UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL RIVERA,<br><br>            Petitioner,<br>v.<br><br>MONTGOMERY,<br><br>            Respondent. | Case No. 14cv700-WQH(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR RELIEF AND**<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY FILED**<br><br>**[ECF Nos. 7 and 18]** |

Currently before the Court is Petitioner's August 25, 2014, motion for Rule 60(b)(1) relief. ECF No. 18 ("Mot."). For the reasons set forth below Petitioner's motion for relief is **GRANTED IN PART AND DENIED IN PART**.

**I.     MOTION FOR RULE 60(b)(1) RELIEF**

**BACKGROUND**

On March 19, 2014, Petitioner filed a petition for writ of habeas corpus in this Court. See ECF No. 1 ("Pet."). On April 17, 2014, the Court issued a Notice of Opportunity to Consent to Magistrate Judge Jurisdiction and an Order Requiring Response. See ECF No. 4. In that Order,

the Court required Respondent to file a motion to dismiss on or before June 9, 2014 or an answer on or before June 23, 2014. Id. at 1-2. Petitioner was order to respond to the motion to dismiss on or before July 9, 2014 or to the answer on or before July 23, 2014. Id. at 2. In accordance with that Order, Respondent filed a motion to dismiss and lodged the appropriate state court records on June 3, 2014. See ECF Nos. 7 and 8. Petitioner failed to file a timely opposition to the motion. See Docket. On August 8, 2014, the Court issued a Report and Recommendation for an Order Granting Respondent's Motion to Dismiss. See ECF No. 9. In the Report and Recommendation, the Court ordered that any objections to the Report and Recommendation must be filed on or before September 8, 2014 and that any reply to the objections must be filed on or before September 29, 2014. Id. at 9-10. On August 3, 2014[1] Petitioner filed a motion for a thirty-day continuance in which to file an opposition to Respondent's motion to dismiss and a motion for leave to file a memorandum of points and authorities in excess of twenty-five pages. See ECF Nos. 10 and 11. On August 14, 2014, United States District Court Judge William Q. Hayes issued an Order granting Petitioner's motion as follows:

> Petitioner shall file any objections to the Report and Recommendation and any other materials in opposition to the Motion to Dismiss no later than September 15, 2014. Any reply to the objections and other materials filed by Petitioner shall be filed no later than September 29, 2014. Petitioner's Application for Leave to File a Memorandum in Excess of Ten Pages is GRANTED.

ECF No. 12 at 2. On August 11, 2014, Petitioner filed a document entitled "opposition to Respondent's motion to dismiss petition for writ of habeas corpus; memorandum of points and authorities, and verification." ECF No. 13. On August 20, 2014, the Court rejected Petitioner's motion for additional time to file an opposition to Respondent's motion to dismiss and request to file a memorandum of points and authorities in excess of ten pages on discrepancy for being moot in light of Petitioner's motions for the same relief that had already been granted [see ECF No. 12] and because Petitioner had already filed his opposition to Respondent's motion [see ECF No. 13]. See ECF Nos. 14 and 15. On September 4, 2014, Judge Hayes issued an Order

---

[1] The documents were signed by Petitioner and presented to prison authorities on August 3, 2014, but not filed by the Court until August 8, 2014. See ECF Nos. 10 and 11.

requiring Respondent to file any reply to Petitioner's opposition to the motion to dismiss on or before September 29, 2014 and referring the matter to the Magistrate Judge for consideration in accordance with FRCP 60(b). See ECF No. 16. On September 5, 2014, the Court accepted on discrepancy, the instant motion for relief under Federal Rule of Civil Procedure ("FRCP") 60(b)(1). See ECF Nos. 17 & Mot.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b).

## DISCUSSION

Petitioner requests relief for inadvertently sending his opposition to Respondent's motion to dismiss to the wrong District Court address. Mot. at 1. Specifically, Petitioner argues that the prison law library posted the address of 880 Front Street, San Diego, CA 92101 which is not the correct address and as a result, the Court did not receive the objections to the motion to dismiss that he submitted on August 11, 2014.[2] Id. Petitioner asks that the Court grant relief under FRCP 60(b)(1), accept his opposition, withdraw its August 8, 2014 Report and Recommendation, and consider the opposition. Id. at 2. The Court **DENIES AS MOOT** Petitioner's request to accept his opposition to Respondent's motion to dismiss as the opposition was previously accepted on August 14, 2014 [see ECF No. 13] and **GRANTS** Petitioner's requests to withdraw its August 8, 2014 Report and Recommendation and consider his opposition.

///

---

[2] The Court notes that regardless of the mistake with the Court's address, Petitioner's opposition was untimely as it was due to be filed more than a month earlier, on July 9, 2014. See ECF No. 4 at 2.

## II. REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY FILED

This Report and Recommendation is submitted to United States District Court Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On March 19, 2014, Petitioner Abel Rivera, a state prisoner who is proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28. U.S.C. § 2254.[3] ECF No. 1 ("Pet."). Petitioner challenges his conviction for assault with a deadly weapon. Id. at 2. Currently before the Court is Respondent's Motion to Dismiss the Petition for being untimely [ECF Nos. 7 and 7-1 ("MTD")], Petitioner's August 11, 2014, "opposition to Respondent's motion to dismiss petition for writ of habeas corpus; memorandum of points and authorities, and verification" [ECF No. 13 ("Oppo.")], Respondent's September 25, 2014 Reply [ECF No. 19 ("Reply")], and Petitioner's October 2, 2014 Reply [ECF No. 21 ("Sur-Reply")].

The Court has considered the Petition, Motion to Dismiss, Opposition, Reply, Sur-Reply, and all of the supporting documents submitted by the parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2008, a jury found Petitioner guilty of assault with a deadly weapon. Pet. at 1-2; see also Lodgment 2 at 2, 153, 185. The jury found true that in the commission of the assault, Petitioner "personally used a deadly weapon, to wit: a razor blade, within the meaning of PENAL CODE SECTION 1192.7(c)(23)" and that Petitioner "personally inflicted great bodily injury upon [the victim]. . . . within the meaning of PENAL CODE SECTION 12022.7(a)." Id. The court found true that Petitioner had two previous felony convictions and two strike priors. Id.

---

[3]In determining the filing date of a petition, *pro se* prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, Petitioner presented his petition to prison authorities on March 19, 2014. See Lopez v. Felker, 536 F.Supp.2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was signed).

at 181.  Petitioner was sentenced to twenty-five years to life in prison plus an additional eight years.  Pet. at 1; see also Lodgment 2 at 153.

On May 12, 2009, Petitioner appealed his conviction alleging that his conviction had to be reversed because (1) "there was no solid credible evidence [Petitioner] assaulted Banda by cutting his head[,]" (2) the trial court abused its discretion by permitting the prosecution "to elicit prejudicial information about the Mexican Mafia from the law enforcement gang expert despite the minimal evidence of Mexican Mafia involvement[,]" and (3) the court violated Petitioner's Fifth, Sixth and Fourteenth Amendment rights by using his "juvenile adjudication as a 'strike prior.'"  Lodgment 3 at i-ii.  The California Court of Appeal affirmed the court's ruling on September 4, 2009.  Lodgment 6.  In October 2009, Petitioner filed a petition for review in the Supreme Court of California raising the same three claims.  Lodgment 7.  The petition was summarily denied on December 2, 2009.  Lodgment 8.

Petitioner filed a petition for writ of habeas corpus on July 20, 2010 in the San Diego Superior Court arguing that (1) his trial counsel was ineffective, (2) his Fourteenth Amendment rights were violated when the trial court permitted hearsay evidence at his trial and he received ineffective assistance of appellate counsel when appellate counsel failed to raise this issue on appeal, (3) there was prosecutorial misconduct, and (4) trial counsel prevented him from testifying on his own behalf.  Lodgment 9.  The court denied the petition on September 28, 2010 for Petitioner's failure to state a prima facie claim for relief and because Petitioner was "attempting to re-litigate issues that have already been resolved against him by the trial and appellate courts."  Lodgment 10.

Petitioner filed another petition for writ of habeas corpus on October 28, 2010 in the California Court of Appeal raising the same claims that were raised in his superior court petition. Lodgment 11.  The court denied the petition on December 15, 2010, adopting the San Diego Superior Court's September 28, 2010 order denying Petitioner's petition and noting that Petitioner failed "to state a prima facie case for relief."  Lodgment 12.

On February 7, 2011, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court raising the same claims that were raised in his previous petitions.  Lodgment 13.

The state supreme court summarily denied the petition on September 14, 2011. Lodgment 14.

On November 8, 2011, Petitioner filed a motion for a new trial based on newly discovered evidence in the California Superior Court, County of San Diego. Lodgment 15. The allegedly newly discovered evidence included (1) learning that the "prosecution's primary witness gave false testimony . . . . [and] willingly perjured himself before jurors[,]" (2) the fact that the primary witness lied at the expense of Petitioner's liberty, and (3) a declaration from the primary witness, Mr. Banda, confirming that he lied about Petitioner assaulting him. Id. The court denied the motion on January 31, 2012 finding that a new trial could not be granted where "judgment has already been rendered" and that Petitioner was not entitled to habeas relief where his newly discovered evidence was not "new" and other evidence supported Petitioner's conviction. Lodgment 16. On April 27, 2012, Petitioner filed a notice of appeal in the California Court of Appeal. Lodgment 17. The court considered the notice to be a petition for writ of habeas corpus and denied it on June 29, 2012, stating that Petitioner failed to include the Banda declaration or trial testimony and that "[w]ithout this information, we do not have an adequate record to review the claims, and deny the petition for failure to state a prima facie case for relief." Lodgment 18. The court further noted that the evidence was not "newly discovered evidence" and that the declaration "does not make it reasonably probable that the result at trial would have been different had the jury known its alleged contents." Id.

On August 23, 2012, Petitioner had a person named Byron Scott, "Attorney-In-Fact", file a petition for writ of habeas corpus on his behalf in the California Supreme Court. Lodgment 19. The petition claimed that Banda's declaration was newly discovered evidence and that an evidentiary hearing was necessary to provide evidence that was not presented during the trial. Id. On September 6, 2012, the state supreme court struck the petition because Byron Scott was not an active member of the state bar as required by California Business and Professions Code Section 6125. Lodgment 20.

On November 30, 2012, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court re-alleging the two claims that Mr. Scott raised in the previous petition. Lodgment 21. The petition was denied on February 20, 2013 with cites to In Re Robbins, 18 Cal.

4th 770, 780 (1998) and In Re Clark, 5 Cal. 4th 750, 767-769 (1993). Lodgment 22. Petitioner now seeks review from this Court.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012).

## DISCUSSION

Petitioner alleges that due process requires that he be granted a new trial because Mr. Banda lied when testifying during the trial about Petitioner assaulting him. Pet. at 7. Respondent contends that the petition should be dismissed as untimely. MTD.

### A. The AEDPA Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d) (West Supp. 2012). Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court." Id. § 2244(d)(1). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

The California Court of Appeal affirmed the judgment of the trial court on September 4,

2009. Lodgment 6. The California Supreme Court denied Petitioner's petition for review on direct appeal on December 2, 2009. Lodgment 8. Petitioner did not file a petition for certiorari with the United States Supreme Court so the statute of limitations began to run ninety days later on March 2, 2010. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari). Absent tolling, the limitations period expired one year later on March 2, 2011. 28 U.S.C. § 2244(d). Because Petitioner did not file his federal habeas petition until March 19, 2014, the petition is untimely unless sufficiently tolled.

**B.    Petitioner Is Entitled to Statutory Tolling**

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (overruled on other grounds by Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008)). An application for state post-conviction review is considered "pending" during the interval between the lower state court's adverse decision and the prisoner's filing of a notice of appeal in the higher state court, provided that the filing of that notice is timely under state law. Carey v. Saffold, 536 U.S. 214, 222-25 (2002). In California, where habeas decisions are not appealed but may be filed originally in each court, "pending" includes a reasonable time, such as thirty to sixty days, between decision and subsequent filing. Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that an unjustified and unexplained six-month delay is presumptively unreasonable). The statute of limitations is not tolled, however, after state habeas proceedings are final and before federal habeas proceedings are initiated. See 28 U.S.C. § 2244(d)(2).

Petitioner admits that he is not entitled to statutory tolling until he filed his first habeas petition in superior court but asserts that he is entitled to statutory tolling for the entire time his first round of habeas petitions were pending in the state courts, that is from July 20, 2010 to September 14, 2011. Oppo. at 4. As such, Petitioner states that as of September 15, 2011, he "still had 225 days left of his 1-year time limitation." Id. Petitioner concedes that he is not entitled to statutory tolling for the period between the September 14, 2011 decision by the

California Supreme Court and the November 8, 2011 filing of his motion for new trial which was construed as a petition for writ of habeas corpus by the superior court. Id. at 4. Petitioner argues that he is entitled to statutory tolling for the entire time his second round of habeas petitions are pending in the state courts. Id. at 4-5. Petitioner also argues that the August 23, 2012 filing in the California Supreme Court by Byron Scott was properly filed as a Petition for Review by an "attorney in fact" and that therefore he is entitled to statutory tolling from November 8, 2011 through November 23, 2012, when the California Supreme Court denied his petition. Id. at 5-7; Sur-Reply at 2-4.

Respondent agrees that Petitioner is entitled to statutory tolling and asserts that the tolling starts on July 20, 2010, when Petitioner filed his first habeas petition in superior court and continues until June 29, 2012, when the appellate court denied Petitioner's second habeas petition. MTD at 11. Respondent argues that Petitioner is not entitled to any additional statutory tolling because Petitioner's second and third filings in the California Supreme Court (the August 20, 2012 filing by Byron Scott and the November 30, 2012 filing by Petitioner) were denied on the ground that neither one was properly filed. Id. at 12; Reply at 2. Respondent contends that the legal authority cited by Petitioner does not support his argument and that the California Supreme Court has the power to determine whether a habeas petition is properly filed. Reply at 2.

As set forth in the previously filed Report and Recommendation [see ECF No. 9 at 5-7] and below, the Court agrees that Petitioner is entitled to some statutory tolling. In fact, contrary to Petitioner's position and based upon Respondent's concession, the Court found that Petitioner is entitled to statutory tolling for the period between the September 15, 2011 decision by the California Supreme Court and the November 8, 2011 filing of his motion for new trial, which was construed as a second petition for writ of habeas corpus by the superior court. Id. at 6. However, as explained in further detail below, the Court finds that the statutory tolling ended on June 29, 2012 and that Petitioner is not entitled to statutory tolling for the August 23, 2012 petition for writ of habeas corpus that Mr. Scott filed on Plaintiff's behalf or the November 30, 2013 petition that Petitioner filed.

Here, the statute of limitations began to run on March 2, 2010. It was tolled when Petitioner filed a habeas petition in the San Diego Superior Court on July 20, 2010. See 28 U.S.C. § 2244(d)(2); Nino, 183 F.3d at 1006. Accordingly, 140 days of the limitations period expired, leaving Petitioner with 225 days in which to timely file a federal petition.[4] The statute remained tolled from July 20, 2010 through (1) the superior court's denial of the petition, (2) Petitioner's filing of a new petition in the California Court of Appeal, (3) the court of appeal's denial, (3) Petitioner's filing of a new petition in the California Supreme Court, (4) the state supreme court's denial of the petition, (5) Petitioner's filing of a motion for new trial which was construed as a petition for writ of habeas corpus by the superior court, (6) the superior court's denial of the motion, and (7) Petitioner's filing of an appeal of the denial, which was construed as a petition for writ of habeas corpus by the appellate court, until June 29, 2012, when the California Court of Appeal denied Petitioner's petition. Lodgments 9-18; see also Evans, 546 U.S. at 201 (petitioner entitled to statutory tolling for reasonable amount of time, such a 30 to 60 days, between denial in one court and filing in a new court).

Contrary to Petitioner's arguments, he is not entitled to statutory tolling for the August 23, 2012 petition filed by Mr. Scott and the November 30, 2012 petition filed by Petitioner. The AEDPA statute of limitations only is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. §2244(d)(2) (emphasis added). "An application for state post-conviction relief or collateral review is 'properly filed' . . . . when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Ransom v. Kramer, 2010 WL 3063294, *3 (S.D. Cal. June 9, 2012) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)). Here, the California Supreme Court determined that each of the 2012 petitions was not properly filed. Lodgments

---

[4] Respondent states that 130 days of the limitations period expired when Petitioner filed his July 20, 2010 habeas petition. Respondent arrived at that conclusion by calculating the number of days between March 12, 2010 and July 20, 2010. The Court assumes that this was an error on the part of Respondent and that Respondent intended to use the March 2, 2010 date which he identifies as when the "finality of direct review occurred." MTD at 11. From March 2, 2010 to July 20, 2010 is 140 days. The limitations period is one year or 365 days. 365 days - 140 days = 225 days. 365 days - 130 days is 235 days, therefore it is unclear why Respondent states that Petitioner had 255 days in which to file a federal petition. Id. However, the difference between 225 days and 255 days does not impact the analysis because Petitioner filed his federal petition more than 600 days after the statutory tolling ended.

20 and 22. The state supreme court struck from the record the August 23, 2012 petition submitted by Mr. Scott, stating "Pursuant to Business and Professions Code section 6125, No person shall practice law in California unless the person is an active member of the State Bar." Lodgment 20. The court denied the November 30, 2012 petition filed by Petitioner finding it untimely and citing "In re Robbins (1998) 18 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750, 767-769." Lodgment 22. Because the California Supreme Court found the petitions were not properly filed in accordance with California law, Petitioner is not entitled to statutory tolling for the time the petitions were pending. Petitioner does not argue that he is entitled to statutory tolling for the time covered by the November 30, 2012 petition.[5] Oppo. at 7 ("So, as of November 23, 2012, Petitioner still had 170 days left, and only equitable tolling applies to the rest of the time between November 23, 2012 and March 14, 2014.").

With regard to the August 23, 2012 petition filed by Mr. Scott, Petitioner argues that the California Supreme Court erred when it determined that the petition was not properly filed. Oppo. at 5-7; Sur-Reply at 2-4. Petitioner argues that the petition was properly filed because Mr. Scott filed the petition as "an attorney-in-fact" not "an attorney at law" and the document was a "Petition for Review" not a petition for habeas corpus review so California Rule of Court 8.500 governs and the Clerk of Court did not comply with the Rule's requirements. Oppo. at 5-7. In the Sur-Reply, Petitioner clarifies that it does not matter whether the document was a petition for review or a petition for habeas corpus and argues that the Clerk of Court should have instructed Petitioner to correct his filing, rather than striking the document. Sur-Reply at 2-4. Petitioner thus asks this Court to find that the California Supreme Court "abused its discretion"

---

[5]Even if Petitioner made such an argument, it would fail as courts consistently have held that untimely petitions are not entitled to statutory tolling under AEDPA. See Crawford v. Grounds, 2013 WL 812108, *3 (C.D. Cal. Jan. 15, 2013)(stating that "[b]oth the Supreme Court and the Ninth Circuit have made clear that when a state court finds a post-conviction filing to be untimely, it is not "properly filed" for the purpose of Section 2244(d)(2), and it thus cannot serve as a basis for statutory tolling") (citing Allen v. Seibert, 552 U.S. 3, 6 (2007) (per curiam) ("a state postconviction petition is ... not 'properly filed' if it was rejected by the state court as untimely"); Evans, 546 U.S. at 192–201 (state petitions held to be untimely under California law were not "pending" under Section 2244(d) (2)); Pace v. DiGuglielmo, 544 U.S. 408, 414, (2005) ("[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); and Lakey v. Hickman, 633 F.3d 782, 785–86 (9th Cir. 2011) ("[W]e have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards' "), cert. denied, ––– U.S. ––––, 131 S.Ct. 3039, 180 L.Ed.2d 858 (2011)).

when it struck the petition and to find statutory tolling.  Id. at 3.

Initially, the California's Supreme Court's decision that Mr. Scott's petition did not comply with the Court's filing requirements is a question of state law which is not subject to federal habeas review.  See Nowling v. Miller, 2014 WL 2864948, * 1, 5-6 (S.D. Cal. June 24, 2014) (order adopting in its entirety the report and recommendation finding that the statute of limitations was not tolled where petitions filed in the California Court of Appeals and California Supreme Court were not "properly filed" because one was not verified as required by California Penal Code § 1474 and the other was not signed, explaining that an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," and noting that "[s]tate law governs whether a pleading filed in state court was 'properly filed'"); see also Pace v. DiGuglielmo, 544 U.S. at 418 (state law used to determine when a pleading filed in a state court is "properly filed" in deciding whether a petition for writ of habeas corpus was timely filed); and Spivey v. Knowles, 2010 WL 2292269, *5 (E.D. Cal., June 4, 2010)(finding that petitioner's claim "that the Sacramento County Superior Court abused its discretion by failing to rule on Petitioner's state habeas petition within 60 days as required by Rule 4.551(a) of the California Rules of Court" was not cognizable on federal habeas review as the alleged failure did not "violate[] the Constitution, law, or treaties of the United States"and because "the Superior Court's action did not affect the duration of his confinement.").

Even if the state law issue was subject to federal habeas review, there are sufficient facts supporting the state court's decision such that this Court cannot find that the state court's decision was unreasonable.  Green v. Lea, 2011 WL 720810, *4 (C.D. Cal., Jan. 4, 2011) (finding that petitioner's claim that the California courts misinterpreted the requirements of the California robbery statute alleged a violation of state law and was not cognizable on federal habeas review and that even if the claim had been cognizable, it was without merit as the "California courts did not unreasonably apply controlling Federal law.").  Here, the pleading clearly states that it is a Petition for Writ of Habeas Review.  Lodgment 19 at 1.  On the cover page, Mr. Scott presents himself as "Byron L. Scott, LLC."  At the end of the form petition, question 16 asks "Are you presently represented by counsel?" and the "yes" box is checked.  Id. at 6.  The question

continues, "If yes, state the attorney's name and address, if known:" and the written response is "Byron L. Scott, LLC [K14735], c/o 7018 Blair Road (P.O. Box 5002), Calipatria Calif. [92233], acting as agent via Attorney-in-fact, only." Id. The document is signed "w/o Prejudice (UCC 1-308), By Byron L. Scott, LLC, Agent." Id.; see also id. at 13 and 14. As such, the California Supreme Court reasonably determined that Mr. Scott was attempting to file the petition as the attorney representing Petitioner. Since the Court determined that Mr. Scott was not an active member of the California State Bar, the Court properly struck the petition. Because the petition was not properly filed, the AEDPA statute of limitations is not tolled.

When the statutory tolling ended on June 29, 2012, Petitioner had 225 days remaining in which to file a timely federal habeas petition. Petitioner did not file his federal petition until 628 days later on March 19, 2014.[6] Thus, unless Petitioner can establish an entitlement to equitable tolling, the instant petition is time-barred.

### C. Petitioner Is Not Entitled To Equitable Tolling

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562 (citing Pace, 544 U.S. at 418). The bar is set high to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Rose, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey, 536 U.S. at 226); see also Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (Petitioner bears the burden of establishing his entitlement to equitable tolling).

Petitioner argues that he is entitled equitable tolling because the California Supreme Court

---

[6] Even if the Court were to grant Petitioner statutory tolling from June 29, 2012 through September 6, 2012 when the California Supreme Court struck Petitioner's August 23, 2012 petition for writ of habeas corpus, the petition would be untimely without equitable tolling. June 29, 2012 to September 6, 2012 is sixty-nine days. Sixty-nine additional days alone would not make Petitioner's federal habeas petition timely.

erroneously rejected his Petition for Review, which then required him to file a second petition which was then denied as untimely. Oppo. at 6-7. Petitioner explains that if the California Supreme Court had not rejected the first document, he would not have spent the additional time trying to exhaust the claims so he should receive equitable tolling from August 23, 2012 through February 20, 2013, the date the court denied his November 30, 2012 petition. Id. Petitioner also argues that he is entitled to equitable tolling for significant portions of 2013 because he repeatedly was placed in the Administrative Segregation Unit ("ASU"), which resulted in him being separated from his personal property and legal materials. Id. at 8-9; Sur-Reply at 4–5. Specifically, Petitioner states that (1) he was placed in the ASU on April 8, 2013 until June 10, 2013 but did not receive his property until July 23, 2013[7], (2) he was placed in the ASU on August 27, 2013 with an unstated release date (perhaps in September 2013) but did not receive his personal properly until December 17, 2013[8], and (3) his legal materials and personal items were mixed up with his cell mate's items and he had to file a 602 appeal to get his property returned on December 17, 2013. Oppo. at 8-9; Sur-Reply at 4-5. In light of this, Petitioner argues that he is entitled to equitable tolling from April 8, 2013 to July 23, 2013 and from August 27, 2013 to December 17, 2013 and that therefore his federal petition is timely. Id.

Respondent replies that the California Supreme Court correctly determined that Petitioner's petitions were not properly filed and that therefore he is not entitled to either statutory or equitable tolling. Reply at 2-3. Respondent also asserts that the fact that Petitioner was in the ASU is insufficient to demonstrate that he is entitled to equitable tolling. Reply at 3. Respondent notes that Petitioner failed to show that he did not have access to legal material "via a paging system" when he was in the ASU and that it appears from Petitioner's exhibits that he had his materials during the time he alleges they were mixed up with his cell mates's materials.

---

[7]Petitioner counts 47 days from February 20, 2013 to April 8, 2013 and subtracts that from the 170 days he argues were left to file a federal petition for a new total of 123 days. Oppo. at 8. Petitioner argues that the tolling lasted until July 24, 2013, when his personal items were returned to him. Id. at 9.

[8]Petitioner counts 34 days between July 24, 2013 and August 27, 2013 leaving him with 89 days in which to file his federal habeas petition. Oppo. at 9. Petitioner argues that the tolling lasted until December 17, 2013 when his personal items were returned to him after being initially sent to his cell mate. Id.

Id. at 4. In addition, Respondent notes that Petitioner's federal petition was untimely even before the August 27, 2013 riots that Petitioner attempts to use as justification for equitable tolling. Id. at 5.

Petitioner is not entitled to equitable tolling for the time the August 23, 2012 petition filed by Mr. Scott and the November 30, 2012 petition filed by Petitioner were pending because neither petition was properly filed. As discussed above, the petition filed by Mr. Scott was properly stricken and the petition filed by Petitioner was untimely. Because the initial petition was properly stricken, there is no basis for equitable tolling and the one-year AEDPA statute of limitations expired on February 9, 2013.[9]

Thus, the deadline for Petitioner to file his federal petition expired well before he was placed in the ASU on April 8, 2013 and August 27, 2013 so his time in the ASU and the time spent gathering his legal materials cannot justify equitable tolling. Moreover, Petitioner has failed to establish that he is entitled to equitable tolling for the time that he spent in the ASU. Petitioner was placed in the ASU on April 8, 2013 and deprived of access to his legal materials because he committed "Battery on an Inmate" when he struck Inmate Alvarez with his fists during afternoon yard activity. Oppo. at Exh. A. He was placed in the ASU on August 27, 2014 because of his possible involvement and willful participation in a riot involving "a large amount of Hispanic Inmates and 5 identified White Inmates." Id. at Exh. B. Therefore, Petitioner's time in the ASU was not "some extraordinary circumstance [that] stood in his way," but the result of his own misconduct. Holland, 130 S. Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S.); see also Bolanos v. Kirkland, 2008 WL 928252, *4 (E.D. Cal. April 4, 2008) (stating that where Petitioner was placed in ASU due to his own misconduct, "Petitioner cannot legitimately contend that the consequence of such prison misconduct, i.e., placement in ASU and restricted access to the law library, was the result of 'extraordinary circumstances beyond his control'" and concluding that "the limitation period will not be equitably tolled."); Werby v. Belleque, 2010 WL 6001576, *4

---

[9] 225 days remained in the statute of limitations period as of June 29, 2012. The remaining 225 days expired on February 9, 2013.

(D. Or. Dec. 14, 2010) (stating that Petitioner's "assignment to highly restrictive housing units as a result of his actions is not unlawful conduct by state officials. And the consequences of the restricted privileges for SHU inmates, consequences of the inmates' unlawful behavior, are not extraordinary circumstances beyond a petitioner's control" and that to "conclude otherwise would distort the nature and purpose of equitable tolling, significantly lower the threshold for its application, and reward a prisoner's unlawful behavior.").

For the reasons set forth above, Petitioner has failed to establish that he is entitled to equitable tolling.  Thus, the instant petition is untimely and this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

### D.     Petitioner Is Not Entitled to Have His Claim Considered Due to Actual Innocence

The untimely nature of Petitioner's petition is not excused due to his claim of actual innocence.  This Court may reach the merits of Petitioner's claims if he can demonstrate that the Court's failure to consider the claims would result in a fundamental miscarriage of justice.  See Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).  The United States Supreme Court has said in order to satisfy this actual innocence exception, a habeas petitioner must offer new, reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person.  See Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  In order to do this, a petitioner's claim of actual innocence must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Id. at 324.  This evidence must be factual and indicate actual innocence, "as opposed to legal innocence as a result of legal error." Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2001) (citing Schlup, 513 U.S. at 321).  A petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).

The Ninth Circuit has interpreted Schulp to mean that a court may consider an untimely claim on the merits and not just procedurally defaulted claims if a petitioner can show that "his

claim of actual innocence is sufficient to bring him within the 'narrow class of cases ... implicating a fundamental miscarriage of justice.'" Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schulp, 513 U.S. at, 315); see also Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc) ("[w]e hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits"); and Nava v. Yates, 2011 WL 6210262, *6 (C.D. Cal. Oct, 17, 2012) (noting that the actual innocence exception applies to Section 2244(d)(1) limitations and not just procedurally defaulted claims).

Here, Petitioner has not presented new reliable evidence in support of a claim of actual innocence. Instead, Petitioner includes with his petition a declaration from Mr. Banda claiming that his injuries were the result of falling off of his bunk bed and hitting his head and not due to being assaulted by Petitioner. Pet. at 8. While the declaration itself may be new, the information within the declaration is not. Id. Specifically, during the trial, Mr. Banda testified that he received his injuries when he fell while trying to climb up into the top bunk and admitted that he did not recall very much of the incident since he was under the influence of alcohol at the time it occurred. Lodgment 1 at 207. Mr. Banda also testified that he did not recall telling a deputy that he did not really fall and that Petitioner slashed him with a razor blade. Id. at 213. Mr. Banda then changed his story and testified that he instigated a fight with Petitioner, pulled out a razor blade, and that Petitioner did cause his injuries but that Petitioner was acting in self defense. Id. at 246-250. Mr. Banda later testified that he cut himself with the razor blade during his altercation with Petitioner. Id. at 262-268. The jury heard Mr. Banda testify under oath that Petitioner was not the cause of his injuries and then heard several different versions of what occurred the day that Mr. Banda was injured. Accordingly, the declaration that Petitioner has included is not new evidence and does not establish that in light of all the evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 327).

In his opposition, Petitioner argues that the jury should have heard Mr. Banda testify that

he was in fear of getting more jail time which is why he did not initially admit to possessing the razor blade and that this newly discovered motive of Mr. Banda's was hidden from the jury which only heard that Mr. Banda was in fear of being labeled a snitch. Oppo. at 10; Sur-Reply at 6. Petitioner contends that the jury would have rejected Mr. Banda's initial police statement and his "entire trial testimony" if they had known about his fear of extending his jail time and, that without that testimony, Petitioner would have been acquitted as there was no other evidence linking him to the crime. Oppo. at 11. Respondent replies that Mr. Banda's declaration contains the same type of evidence that was presented at trial and is not new evidence. Reply at 6. Respondent is correct. Mr. Banda's declaration, and Plaintiff's arguments regarding the contents of the declaration, still do not constitute new evidence and the declaration is not reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person. See Schlup, 513 U.S. at 324-327. Accordingly, Petitioner is not entitled to have his untimely petition heard on the merits under Schulp.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss.

**IT IS ORDERED** that no later than **November 11, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later that **December 5, 2014**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: October 9, 2014

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge