# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL RIVERA,<br><br>            Petitioner,<br>vs.<br>MONTGOMERY<br><br>            Respondent. | CASE NO. 14cv700-WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 22) issued by United States Magistrate Judge Barbra L. Major, recommending that this Court grant Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as Untimely Filed (ECF No. 7).

## I.  Background

On October 9, 2014, the Magistrate Judge issued Report and Recommendation, recommending that the Court grant Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus as Untimely Filed.  (ECF No. 22).

The Magistrate Judge found that the limitation period for filing the federal habeas petition had run.  The Magistrate Judge determined that: "The California Supreme Court denied Petitioner's petition for review on direct appeal on December 2, 2009. Petitioner did not file a petition for certiorari with the United States Supreme Court so the statute of limitations began to run ninety days later on March 2, 2010. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (limitations period does not begin until after expiration of ninety-day period for seeking certiorari).  Absent tolling, the

limitations period expired one year later on March 2, 2011. 28 U.S.C. § 2244(d). (ECF No. 22 at 8). The Magistrate Judge concluded that: " Because Petitioner did not file his federal habeas petition until March 19, 2014, the petition is untimely unless sufficiently tolled." *Id*.

The Magistrate Judge found that "the statute of limitations began to run on March 2, 2010. It was tolled when Petitioner filed a habeas petition in the San Diego Superior Court on July 20, 2010. 140 days of the limitations period expired, leaving Petitioner with 225 days in which to timely file a federal petition. The statute remained tolled from July 20, 2010 ... until June 29, 2012, when the California Court of Appeal denied Petitioner's petition." (ECF No. 22 at 10). The Magistrate Judge determined that "[Petitioner] is not entitled to statutory tolling for the August 23, 2012 petition filed by Mr. Scott and the November 30, 2012 petition filed by Petitioner.... Because the California Supreme Court found the petitions were not properly filed..." *Id*. at 13.

The Magistrate Judge concluded that: "When the statutory tolling ended on June 29, 2012, Petitioner had 225 days remaining in which to file a timely federal habeas petition. Petitioner did not file his federal petition until 628 days later on March 19, 2014. Thus, unless Petitioner can establish an entitlement to equitable tolling, the instant petition is time-barred." *Id*.

The Magistrate Judge found that Petitioner is not entitled to equitable tolling. The Magistrate Judge determined that "Petitioner is not entitled to equitable tolling for the time the August 23, 2012 petition filed by Mr. Scott and the November 30, 2012 petition filed by Petitioner were pending because neither petition was properly filed." *Id*. at 15. "[T]he one-year AEDPA statute of limitations expired on February 9, 2013," and, therefore, "the deadline for Petitioner to file his federal petition expired well before he was placed in the ASU on April 8, 2013 and August 27, 2013 so his time in the ASU and the time spent gathering his legal materials cannot justify equitable tolling." *Id*.. "Moreover, Petitioner has failed to establish that he is entitled to equitable tolling for the time that he spent in the ASU." *Id*. "He was placed in the ASU

on August 27, 2014 because of his possible involvement and willful participation in a riot involving 'a large amount of Hispanic Inmates and 5 identified White Inmates.'" *Id*. "Therefore, Petitioner's time in the ASU was not 'some extraordinary circumstance [that] stood in his way,' but the result of his own misconduct." *Id*.

The Magistrate Judge concluded that: "...Petitioner has failed to establish that he is entitled to equitable tolling. Thus, the instant petition is untimely and this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**." *Id*. at 16.

The Magistrate Judge found that Petitioner is not entitled to have his claim considered due to actual innocence. The Magistrate Judge determined that "Plaintiff's arguments regarding the contents of the declaration ... do not constitute new evidence and the declaration is not reliable evidence of an alleged constitutional error that probably resulted in the conviction of an innocent person." *Id.* at 17. The Magistrate Judge concluded that "Accordingly, Petitioner is not entitled to have his untimely petition hear on the merits under *Schulp*." *Id*. at 18.

To date, neither party filed objections to the Report and Recommendation.

## II. Discussion

The duties of the district court in connection with a report and recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the

Magistrate Judge correctly found that Respondent's Motion to Dismiss Petitioner's Petition as Untimely Filed must be granted because Petitioner is time-barred. The Court adopts the Report and Recommendation in its entirety.

**III.   Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has raised colorable, nonfrivolous arguments. The Court grants a certificate of appealability.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 22) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus is DISMISSED. (ECF No. 1). A certificate of appealability is GRANTED.

DATED: December 16, 2014

**WILLIAM Q. HAYES**
United States District Judge